FIRST DEPARTMENT, DECEMBER, 1989

(December 5, 1989)

■ DREXEL BURNHAM LAMBERT, INCORPORATED, Respondent, v 11 STONE STREET CORP., Appellant, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants.—Order of the Appellate Term of the Supreme Court, First Department (Jawn A. Sandifer, Stanley Parness and Edith Miller, JJ.), entered May 24, 1988, which modified the judgment of the Civil Court, New York County (Samuel Weinberg, J.), entered May 23, 1986, which held 11 Stone Street Corp. liable to plaintiff, only to the extent of granting defendant-appellant judgment on the third-party complaint against third-party defendants Joseph Leone and John Nicotra, is unanimously affirmed, with costs.

In this action, plaintiff sought to recover $26,911.40 paid by plaintiff to defendant-appellant on 79 payroll checks with forged endorsements. The forged checks were payable to 79 terminated employees of plaintiff, endorsed by defendant Caplan and cashed by appellant 11 Stone Street.

Both the Civil Court and Appellant Term agreed that appellant breached its warranty of good title (UCC 3-417 [1] [a]) when it obtained payment from plaintiff. While appellant attempts to invoke the "fictitious payee" doctrine (UCC 3-405 [1] [c]), the doctrine is inapplicable since appellant did not take the checks in good faith. *(Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459 [1979]; *and see, Savings Banks Trust Co. v Federal Reserve Bank,* 738 F2d 573 [2d Cir 1984].)* The record demonstrates that appellant was careless and negligent in its conduct and thus is liable to plaintiff for the value of the checks. We have considered appellant's other claims and do not find them to be persuasive. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.